IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |  | |
|---|---|---|---|
| CARL IVAN DOUBLE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | CV 119-126 | |
| | ) | | |
| RONALD BRAWNER, | ) | | |
| | ) | | |
| Respondent. | ) | | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the petition for lack of exhaustion. (Doc. no. 14.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** and this case be dismissed without prejudice and **CLOSED**.

### I. BACKGROUND

On October 14, 2016, Petitioner pled guilty in the Superior Court of Richmond County to one count of aggravated child molestation and two counts of child molestation. (Doc. no. 15-3, pp. 1-2.) Petitioner was sentenced to thirty-five years in prison followed by life on probation. (Id. at 1.) On October 28, 2016, Petitioner, through counsel, filed a motion to withdraw his plea of guilty in the Superior Court of Richmond County, arguing the plea was not entered knowingly and voluntarily. (Doc. no. 15-4.) On September 21, 2017, the trial court held a hearing on the motion, and denied Petitioner's motion to withdraw his guilty plea on October 6, 2017. (Doc. no. 15-5.) On October 13, 2017, Petitioner, through

counsel, appealed the trial court's denial of his motion, arguing the trial court erred in denying Petitioner's motion because he received ineffective assistance of trial counsel. (Doc. no. 15-6.) Specifically, Petitioner argued counsel failed to advise him pleading guilty would require him to serve his sentence without the possibility of parole. (Id.) On July 27, 2018, the Georgia Court of Appeals affirmed the denial of Petitioner's motion finding "there was no argument presented to the trial court that [Petitioner] was unaware of the potential sentence he faced, nor was there *any* contention that [Petitioner] received ineffective assistance of counsel." (Doc. no. 15-7, p. 3.) Therefore, the Georgia Court of Appeals affirmed the trial court's denial of Petitioner's motion because he failed to raise the ineffective assistance of trial counsel claim in his motion to withdraw his guilty plea, thereby waiving the claim. (Id.)

On December 31, 2018, Petitioner filed a state habeas petition in the Superior Court of Baldwin County, challenging his Richmond County convictions. (Doc. no. 15-1.) Petitioner raised the following grounds: (1) ineffective assistance of trial counsel by failure to "bring up the fact [Petitioner] was on medication"; (2) Petitioner was under the influence of medication at the time of the plea; and (3) trial counsel had an unspecified conflict of interest. (Id. at 5.) The online docket for Petitioner's habeas petition, available at peachcourt.com, includes an order setting a hearing for March 13, 2019, attached hereto as Exhibit A.[1] Petitioner avers the state habeas court orally denied the petition that same day, and the most recent filing on the state court docket, attached hereto as Exhibit B, show the state habeas proceeding is still open and no final written order ruling on the habeas petition has been entered. (Doc. no. 1, p. 2; doc. no. 14-1, p. 1.) On July 15, 2019, Petitioner filed

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (confirming courts may take judicial notice of records from other courts).

the instant § 2254 petition in the Middle District of Georgia. (Doc. no. 1.) United States District Judge Marc T. Treadwell transferred the case to this Court on August 9, 2019, because Petitioner was convicted in Richmond County. (Doc. no. 3.) On October 28, 2019, Petitioner filed a Brief in Support of Habeas Corpus Petition, and on November 4, 2019, Respondent filed a response and a motion to dismiss for lack of exhaustion. (Doc. nos. 12-14.)

Petitioner raises four grounds for relief in his § 2254 petition: (1) ineffective assistance of trial counsel by failure to "bring up the fact [Petitioner] was on medication" and a conflict of interest based on counsel's prior representation of the victim's family; (2) ineffective assistance of appellate counsel by failure to raise trial counsel's alleged conflict of interest and Petitioner's mental evaluation; (3) error by the trial judge by failing to inform Petitioner he was innocent until proven guilty; and (4) abuse of discretion by the trial judge in sealing Petitioner's mental health records without allowing Petitioner to review the records for mitigating circumstances. (See doc. nos. 1, 12.) Respondent argues the petition should be dismissed under 28 U.S.C.§ 2244 (b) and (c) because Petitioner has not exhausted his available state remedies. (See doc. no. 14.)

## II.   DISCUSSION

### A.   The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have

exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

4

### B. Petitioner Failed to Exhaust State Remedies

Petitioner's state habeas petition is still pending, and to fully exhaust after denial of the state petition, Petitioner must apply for a certificate of probable cause ("CPC") to appeal that denial to the Georgia Supreme Court. Only in rare circumstances may a federal habeas court deviate from the exhaustion requirement, such as in cases where the delay in the state courts is unreasonable or otherwise unjustified. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971).

However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[2] In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

---

[2]Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

5

Petitioner filed his state petition on December 31, 2018, and the trial court quickly held a hearing on March 13, 2019. (Doc. no. 14-1, p. 1.) While the state habeas court has yet to enter a final written ruling on the merits of the petition, the case has been pending for only one year and six weeks, which is reasonable and no indication of undue delay or a refusal to address Petitioner's claims. See Ogle v. Johnson, 488 F.3d 1364, 1369 (11th Cir. 2007) ("The written order of the state court is a starting, not an ending, point for our analysis of exhaustion."). If the state habeas court denies the petition, as Petitioner anticipates, he must still petition the Georgia Supreme Court for a CPC to exhaust all available state remedies with respect to Ground One of his § 2254 petition. Pope, 358 F.3d at 853. Grounds two through four of Petitioner's § 2254 petition are unexhausted because Petitioner failed to raise them at the state trial court, appellate court, or habeas court.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED,** (doc. no. 14), and this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of February, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6